**BUDOWANEC, Plaintiff-Appellant, v. GAYDOS, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24858.  Decided November 5, 1959.

Demer & Dunson, for plaintiff-appellant.
Merkel, Campbell, Dill & Zetzer, for defendant-appellee.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a final order of the Court of Common Pleas denying plaintiff's motion to vacate an entry made by the Court of Common Pleas of Cuyahoga County overruling plaintiff's motion for new trial. The entry was made November 8, 1957.

The original action is founded in negligence. The jury returned its verdict for the defendant on September 26, 1957, and the court journalized the judgment for defendant. This was the day the verdict was returned. (September 26, 1957.) A motion for new trial was filed October 1, 1957.

It is the claim of the plaintiff that the trial judge, after some delay in ruling on the motion, informed plaintiff's counsel that he would have his bailiff notify him when he entered his ruling on the motion and that the judge failed to do so, whereby plaintiff did not discover the ruling until early in the following term, all to the plaintiff's prejudice.

The plaintiff filed his motion to vacate the entry overruling his motion for new trial on February 26, 1958, which the Court of Common Pleas overruled, the transcript showing two journal entries, one March 13, 1958, and one on March 29, 1958. A notice of appeal was filed from each of such entires, to-wit: on March 19, 1958, and April 7, 1958. Notice of appeal was timely given and the bill of exceptions was filed April 22, 1958, containing the evidence in the trial and on the motion to vacate the entry of November 8, 1957.

When the case was docketed in this court, the defendant filed his motion to dismiss the appeal on the ground that the entry appealed from was not a final order and on September 12, 1958, this court (we now think in error) granted said motion and the mandate was returned to the Court of Common Pleas.

The plaintiff then refiled his motion to vacate the overruling of his motion for new trial on January 8, 1959; again alleging the failure of the court to notify him as to the date the motion for new trial was ruled on as was promised by the judge. In refiling the motion on January 8, 1959, the plaintiff relied on the record (the bill of exceptions properly filed on the first appeal and the affidavit attached to the first motion) as the basis for his record on this appeal.

The trial judge in this case died February 14, 1958.

Sec. 2325.01 R. C., provides:

"* * *

"The court of common pleas or the court of appeals may vacate or modify its own final order, judgment or decree after the term at which it was made:

"* * *

"(C) For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order."

"* * *"

Sec. 2325.04 R. C., provides that proceedings under (C) shall be by motion.

The effect of the order of this court dismissing plaintiff's first appeal was not on the merits and does not now constitute a bar to this proceeding. The record now before us shows that the defendant filed a motion to dismiss this appeal which was overruled. The grounds upon which the dismissal was asked are:

"1. That the entry of March 12, 1959, denying motion to vacate the order of November 8, 1957, is not a final order from which an appeal on questions of law can be taken.

"2. That the notice of appeal on questions of law filed on March 18, 1959, was not duly filed, nor was it filed within the time required by law.

"3. That by reason of the foregoing, this court lacks jurisdiction.

"4. Appellant has filed no bill of exceptions herein."

In overruling this motion, this court held that §2325.01 R. C., was applicable to an order as well as a judgment and that where the overruling of a motion for new trial is accomplished in such a manner as to prejudice the rights of the plaintiff, such order would constitute an abuse of discretion requiring the court to vacate the entry. Such an order would, therefore, be applicable, on the basis that a valuable right of the plaintiff (the right of appeal) was lost by relying upon the promise of the court to advise counsel of the date of ruling on the motion for new trial and that such promise lulled him into a sense of security whereby his right of appeal was lost. No other question could be considered on a motion to vacate the overruling of a motion for new trial.

The second part of defendant's motion to dismiss must be overruled if our conclusions as to the first ground set out and just considered, is sound, as is true of the third ground set out in the motion.

The fourth ground, that no bill of exceptions was filed, is not supported by the record. A complete bill of exceptions was filed April 28, 1958, not only containing the testimony on trial of the issues, but also the evidence presented on the motion filed seeking to vacate the order overruling the motion for new trial because of plaintiff's reliance upon the judge's promise to notify counsel when the motion was ruled on. The motion before us is the identical motion filed on March 13, 1958, and we assume that the journal entry filed on March 12, 1959, refers to the evidence submitted on the same question at the first trial.

We come now to the issues presented on the merits. The evidence stands uncontradicted that the trial judge promised to notify counsel for the plaintiff when he ruled on the motion for new trial and that no such notice was given. That before counsel for plaintiff discovered that the motion had been ruled on, the time for filing a notice of appeal had passed. Ordinarily it is the duty of counsel to keep track of his cases and the failure of a clerk or other employee of the court

to perform a promise to give notice of an entry to a litigant gratuitiously and beyond the scope of his assigned duties will not constitute mistake, neglect, or omission of the clerk under **Paragraph (C), §2325.01 R. C.** But the facts in this case go beyond this. Here there had been much delay in the procedural steps before trial and in the entry of judgment and the motion for new trial was held a considerable time. In fact, the judge said he would instruct his bailiff to let plaintiff know about the ruling on the motion at a time when it had already been overruled. It seems to us that counsel for plaintiff had a right to rely on the judge's word and having done so, has a right to complain when such promise was not kept. The court's failure, in that respect, constituted an abuse of discretion and the plaintiff is, therefore, entitled to the relief prayed for. The judgment, overruling plaintiff's motion to vacate the entry of November 8, 1957, overruling plaintiff's motion for new trial, is ordered vacated and cause remanded for further proceedings.

HURD, PJ, KOVACHY, J, concur.